**CLARK COUNTY BOARD OF EDUCATION, Appellant,**

**v.**

**Vaughn E. JONES, An Infant suing by and through his next friend, Carolyn Hampton; and Harold Keller, Jr., an Infant suing by and through his father and next friend, Harold Keller, Sr., Appellees.**

**and**

**CLARK COUNTY BOARD OF EDUCATION, Appellant,**

**v.**

**Kimberly A. DAVIS, An Infant suing by and through her mother and next friend, Mary T. Yeiser, Appellees.**

Court of Appeals of Kentucky.

Oct. 2, 1981.

Rehearing Denied Dec. 18, 1981.

County board of education's adoption of regulation, which provided that suspension of student was to be mandatory on the first offense for use or possession of alcohol on school property, in transit to or from school or at school functions, did not exceed the authority granted under statute providing that use or possession of alcohol and beverages or drugs could constitute cause for suspension or expulsion. KRS 158.150.

William R. Pumphrey, Winchester, for appellant.

Julia Hylton Adams, Winchester, Donnie H. White, Lexington, for appellees.

Before COOPER, HOGGE and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from judgments for the appellees, plaintiffs below, in separate yet related actions. Such judgments enjoined the appellant-Board of Education from suspending or expelling the appellee-students, and further voided a regulation issued by the appellant as exceeding the authority granted to it pursuant to KRS 158.150. The issues are (1) whether the Board acted arbitrarily on its action; and (2) whether the trial court erred in voiding a regulation with respect to suspension for a first offense involving the use or possession of alcoholic beverages. On review, we affirm in part and reverse in part.

The facts relative to this litigation are as follows: In October of 1980, the appellees, Kimberly A. Davis, an infant suing by and through her mother and next friend, Mary T. Yeiser; Vaughn E. Jones, an infant suing by and through his next friend, Carolyn Hampton; and Harold Keller, Jr., an infant suing by and through his father and next friend, Harold Keller, Sr.; filed separate yet related actions against the appellant, Clark County Board of Education, as well as individual members of the Board. The actions alleged that the appellant violated the appellees' due process rights in expelling them from school following an incident occuring during the weekend of September 27, 1980. During this weekend, the appellees, all members of the George Rogers Clark High School Marching Band, were found to have consumed alcoholic beverages while on a school-sponsored band trip to Murray, Kentucky. Such use was determined by the school authorities to violate a school regulation and KRS 158.150. On September 29, subsequent to a conference

with the assistant principals in charge of discipline, the appellees were suspended from school pending a due process hearing. Furthermore, the appellees were informed that a recommendation would be issued to the Superintendent that they be suspended or expelled for the remainder of the school year. Following a hearing at which the appellees and numerous witnesses testified, the Board, by less than a unanimous vote, voted to expel the appellees until the beginning of the next school semester beginning in January of 1981. Furthermore, it declared the appellees ineligible to participate in any extra-curricular activities until the beginning of the next school year. Such actions constituted the basis for the separate actions filed by the appellees.

Prior to an answer filed by the appellant, the appellees requested the trial court to grant a temporary injunction to enjoin the appellant from expelling the students pursuant to CR 65. They alleged that such action would result in immediate and irreparable injury. The trial court thereinafter entered an interlocutory order directing the appellant to readmit the appellees to school pending further action. In an optional order, the trial court requested the appellant to allow the appellees to introduce any additional proof, and to reconsider its original order of expulsion. In answering the separate complaints, the appellant denied that it had acted either unreasonably or arbitrarily, and alleged that the punishment given to the appellees was well within the scope of authority granted to it by KRS 158.150.

Following a full evidentiary hearing, the trial court entered findings of fact and conclusions of law. It found, as a finding of fact, that the appellant acted arbitrarily in automatically expelling the students for the use or consumption of alcoholic beverages without determining whether such use or consumption constituted cause for suspension or expulsion. The trial court determined, as a conclusion of law, that the regulation mandating suspension for the use or possession of alcoholic beverages exceeded the mandate given to the Board under KRS 158.150. It is from this judgment that the appellant now appeals.

Initially, the appellant argues that the trial court erred in determining that it acted arbitrarily in expelling the appellees. As a court of review, the question before this Court is whether the trial court's judgment was supported by substantial evidence. CR 52.01; *Church v. Dept. for Human Resources*, Ky.App., 555 S.W.2d 602 (1977). Stated differently, the appellant has the burden of proving that such findings of fact and conclusions of law were clearly erroneous. Here, the trial court determined from the evidence that the appellant acted arbitrarily. Specifically, it found that the appellant only considered whether the appellees had consumed alcoholic beverages in deciding to expel them. No other factors—the previous general conduct of the students involved; the academic standing of the students; the probability of a recurring violation; and the consideration of alternative punishment or restrictions—were considered by the appellant in its action.

Upon reviewing the record as a whole, the trial court's finding is not clearly erroneous. The trial court had the opportunity to judge the credibility of the witnesses, and to review the submitted evidence. Although this Court may have decided the issue of arbitrariness differently, it cannot set aside the findings of the trial court if such findings are supported by substantial evidence. As such, the findings of fact of the trial court in this respect are affirmed.

Secondly, the appellant argues that the trial court erred in voiding a high school regulation with respect to suspension as exceeding the authority mandated to high schools under KRS 158.150. With this we are in agreement. The regulation states as follows:

Suspension shall be mandatory on the first offense for the use of, possession of, or trafficking in drugs or alcoholic beverages on school property, in transit to or from school, or at school functions, whether on or off school property. Superintendent may recommend to the board of education that offenders be ex-

pelled from school under the provisions of KRS 158.150.

Under KRS 158.150, the use or possession of alcoholic beverages or drugs can constitute cause for suspension or expulsion. The regulation in question states only that suspension, not expulsion, shall be mandatory for the first offense. As written, the regulation does not exceed the authority granted to a school under KRS 158.150. Consequently, the trial court erred in voiding such regulation. In this respect, its judgment is reversed.

The judgment of the trial court that the board acted arbitrarily is affirmed, and reversed with respect to its voiding the high school regulation regarding mandatory suspension.

All concur.